IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARMANDO HERRERA,

        Plaintiff,                          No. CIV S-05-1037 LKK DAD P

    vs.

SGT. KALLESTADT, et al.,

        Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee or submitted an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) and 1915(a).

        The district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or against any officer or employee of a governmental entity. See 28 U.S.C. § 1915A. In the present case, plaintiff's complaint names as defendants two employees of governmental entities: Sgt. Kallestadt, an officer employed by the Los Angeles Police Department in 1981, and Lt. J. Crowder, the criminal archives coordinator at the Correctional Training Facility in Soledad in 1990.

        Plaintiff alleges that defendant Kallestadt caused a Mexican Mafia gang label to be placed on plaintiff in a probation report in 1981 and the label followed him into the state

1

prison system. Plaintiff alleges that defendant Crowder identified plaintiff as a Mexican Mafia associate in a parole hearing report in 1990 and that a parole hearing report prepared by an unnamed person at California Medical Facility ("CMF") in 2003 indicates that plaintiff is an inactive associate of the Mexican Mafia. Plaintiff wants the Mexican Mafia label removed from the 1981 Los Angeles County probation report and from all CDC records on the ground that there is no proof that he participated in crimes with the Mexican Mafia gang. Plaintiff asserts that the label is being used against him by the Board of Prison Terms and has put his life in danger, in violation of the Eighth Amendment.

Plaintiff admits that a grievance procedure is available at CMF, where he is confined at the present time, but states that he has not filed a grievance concerning the facts relating to this complaint because he "can't get nothing done." Plaintiff is informed that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of prison administrative procedures is mandated "regardless of the relief offered through [such] procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). A remedial scheme is "available" where the administrative process has authority to take some action in response to a prisoner's grievance, even if the action is not the remedial action sought by the prisoner. Id. at 736. There is no futility exception to the statutory exhaustion requirement. Id. at 741 n.6.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). In this case, plaintiff's complaint contains a concession to nonexhaustion of administrative remedies and relies on an impermissible futility argument as a reason for nonexhaustion. Because plaintiff alleges violations that are ongoing and because he seeks injunctive relief concerning his prison central file, it is evident that administrative remedies remain available to plaintiff. In addition, state remedies, both

administrative and judicial, may remain available to plaintiff with regard to recent parole hearings. Plaintiff must exhaust available remedies before he can proceed with a civil rights complaint seeking relief with regard to his central file and parole hearings. This action should be dismissed without prejudice to the filing of a new civil rights action after plaintiff has exhausted available administrative remedies.

In addition, plaintiff is informed that the federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

If plaintiff's claim against defendant Kallestadt concerning a probation report issued almost twenty-five years ago is not barred by the statute of limitations, the proper venue for that claim lies in the United States District Court for the Central District of California. If plaintiff's claim against defendant Crowder concerning a parole hearing report prepared fifteen years ago is not barred by the statute of limitations, the proper venue for that claim lies in the United States District Court for the Northern District of California.

Plaintiff has not sued any defendant who resides in the Eastern District of California. A new civil rights action filed by plaintiff after exhausting administrative remedies must be filed in the proper court. The Eastern District of California will not be the proper court unless plaintiff alleges exhausted claims that arose at CMF or another institution in this district and names defendants employed within the Eastern District of California.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for lack of proper venue and for failure to exhaust available administrative remedies before bringing the action.

1    These findings and recommendations will be submitted to the United States
2 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
3 twenty days after being served with these findings and recommendations, plaintiff may file
4 written objections with the court.  Any document containing objections should be titled
5 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
6 failure to file objections within the specified time may, under certain circumstances, waive the
7 right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
8 DATED: June 13, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

11 DAD:13
herr1037.56

4